IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CRECENCIO CRESPO<br>1640 New Jersey Ave, NW, #1<br>Washington, DC 20001<br><br>and<br><br>SAUL RAMIREZ<br>1640 New Jersey Ave., NW #1<br>Washington, DC 20001<br><br>    PLAINTIFFS,<br><br>v.<br><br>ALFA CAFÉ LIMITED CO.<br>1750 H Street, NW, Suite G-2<br>Washington, DC 20006<br><br>    Serve: Alexandros Mitrakas<br>    1117 10th Street, NW, #909<br>    Washington, DC 20001<br><br>and<br><br>ALEXANDROS MITRAKAS<br>1117 10th St., NW, #909<br>Washington, DC 20001<br><br>and<br><br>TINA MITRAKAS<br>1117 10th St., NW, #909<br>Washington, DC 20001<br><br>    DEFENDANTS. | Case No.: 17-2574 |

## COMPLAINT

Plaintiffs Crecencio Crespo and Saul Ramirez ("Plaintiffs"), by and through undersigned counsel, hereby submit this Complaint against Defendants Alfa Café Limited Co. ("Alfa Café"), Alexandros Mitrakas, and Tina Mitrakas (collectively, "Defendants") to recover damages under

the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") and 26 U.S.C. § 7434 as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff Crecencio Crespo is an adult resident of the District of Columbia. By participating as a named plaintiff in this action, he consents to prosecute his claims against Defendants under the DCMWA and 26 U.S.C. § 7434.

2. Plaintiff Saul Ramirez is an adult resident of the District of Columbia. By participating as a named plaintiff in this action, he consents to prosecute his claims against Defendants under the DCMWA and 26 U.S.C. § 7434.

3. Alfa Café Limited Company is a corporation formed under the laws of the District of Columbia.

4. Defendant Alexandros Mitrakas is an adult resident of the District of Columbia

5. Defendant Tina Mitrakas is an adult resident of the District of Columbia.

6. Pursuant to the foregoing, at all times, Defendants were Plaintiffs' "employers" for purposes of the DCMWA.

7. Defendants are subject to the DCMWA because Plaintiffs have spent more than 50% of their time working in the District of Columbia.

## FACTS

8. Plaintiff Crespo worked for Defendants from roughly October 15, 2015 until November 16, 2016, and again from approximately May 1, 2017 until July 31, 2017.

9. From roughly October 15, 2015 until May 1, 2016, Plaintiff Crespo worked an average of approximately 46 hours per week.

10. From roughly May 1, 2016 until November 16, 2016, Plaintiff Crespo worked an average of approximately 67 hours per week.

11. From roughly May 1, 2017 until July 31, 2017, Plaintiff Crespo worked an average of approximately 36 hours per week, although on two occasions he worked hours in excess of 40 during a single workweek (a total of approximately 6 hours in excess of 40 on those two occasions).

12. From roughly October 15, 2015 until December 15, 2015, Defendants paid Plaintiff Crespo $12.00 per hour.

13. From roughly December 15, 2015 until roughly May 1, 2016, Defendants paid Plaintiff Crespo $13.00 per hour.

14. From roughly May 1, 2016 until November 16, 2016, Defendants paid Plaintiff Crespo $14.00 per hour.

15. From roughly May 1, 2017 until July 31, 2017, Defendant paid Plaintiff Crespo $12.00 per hour.

16. Plaintiff Ramirez worked for Defendants from roughly December 15, 2015 until August 15, 2016.

17. Defendants paid Plaintiff Ramirez $12.50 throughout his employment and did not pay him one-and-one-half times (1.5x) his regular hourly rate for hours worked in excess of 40 during a single workweek.

18. Plaintiff Ramirez worked an average of approximately 44 hours per week throughout his employment with Defendants.

19. Defendants did not pay Plaintiffs one-and-one-half times (1.5x) their regular hourly rates for hours worked in excess of 40 during a single workweek.

20.    As described in more detail below, Defendants devised and perpetrated a fraudulent scheme to conceal their non-payment of overtime by paying Plaintiffs by company paycheck for their first 40 hours, and in cash or by personal check at Plaintiffs' regular hourly rates for their overtime hours.

21.    From roughly October 15, 2015 until May 1, 2016, Defendants paid Plaintiff Crespo by company paycheck for his first 40 hours each week and in cash at his regular hourly rate for his hours in excess of 40 in a week.

22.    From roughly May 1, 2016 until November 16, 2016, Defendants paid Plaintiff Crespo by company paycheck for his first 40 hours each week, in cash for his Saturday hours, and by a separate personal paycheck at his regular hourly rate for his hours in excess of 40 in a week.

23.    Defendants paid Plaintiff Ramirez via paycheck for his first 40 hours and in cash at his regular hourly rate for any hours that he worked over 40 during a single workweek.

24.    In addition to failing to pay Plaintiffs overtime compensation, by paying Plaintiffs in cash or personal check for their overtime hours, Defendants avoided paying payroll taxes on those overtime hours.

25.    Consistent with Defendants' avoidance of payroll taxes, Defendants issued Plaintiffs W-2s that did not fully reflect compensation paid to Plaintiffs, but instead only reflected compensation paid to Plaintiffs for their non-overtime hours.

26.    Defendants Alexandros Mitrakas and Tina Mitrakas owned and operated Alfa Cafe throughout Plaintiffs' employment. Throughout Plaintiffs' employment, Defendants Alexandros Mitrakas and Tina Mitrakas:

   a. Had the power to hire, fire, suspend, and otherwise discipline Plaintiffs;

    b. Had the power to supervise Plaintiffs' work duties to ensure their work was of sufficient quality;

    c. Set and controlled Plaintiffs' work schedules or had the power to set and control Plaintiffs' work schedules;

    d. Set and determined or had the power to set and determine Plaintiffs' rate and method of pay; and

    e. Controlled and was in charge of Alfa Café's day-to-day operations.

27. Plaintiffs' primary work duties did not qualify for any exemption under the DCMWA.

28. Defendants' failure and refusal to pay Plaintiffs minimum wages and overtime pay, as required by the DCMWA, was willful and intentional, and was not in good faith.

29. As further evidence of Defendants' willful and intentional conduct, Defendant Alexandros Mitrakas is an attorney barred in Virginia. Mr. Mitrakas holds himself out on his Linkedin profile as follows: "Mr. Mitrakas represents the legal interests of various local companies and high net worth individuals and acts in a capacity similar to in house counsel for the U.S. entities of the largest family owned frozen food producer in Europe." Therefore, Mr. Mitrakas was presumably aware of the existence of overtime and minimum wage laws during Plaintiffs' employment.

### CAUSES OF ACTION

#### COUNT I
**Violation of D.C. Minimum Wage Act Revision Act of 1992**
**(Overtime)**

30. Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

31. At all times pertinent to the allegations herein, Plaintiffs were Defendants' "employees," and Defendants were Plaintiffs' "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*.

32. Defendants, as Plaintiffs' employers under the DCMWA, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half times (1.5x) Plaintiffs' regular rate of pay for all hours worked per week in excess of forty (40) ("overtime hours").

33. As set forth above, Defendants had knowledge and suffered or permitted Plaintiffs to work overtime hours during their respective periods of employment.

34. As set forth above, Defendants failed and refused to pay Plaintiffs time-and-one-half (1.5x) their regular rate for all the overtime hours they worked.

35. Defendants' failure and refusal to pay Plaintiffs as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count I for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

### COUNT II
**Violation of D.C. Minimum Wage Act Revision Act of 1992**
**(Minimum Wage)**

36. Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

37. Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs at an hourly rate in compliance with the D.C. minimum wage requirement set forth in the DCMWA.

38. As set forth above, Defendants paid Plaintiff Crespo $12.00 per hour during

month of July 2017. The D.C. minimum wage during July 2017 was $12.50.

39. Defendants had actual knowledge of the D.C. minimum wage requirement and had actual knowledge of the D.C. minimum wage requirement and had actual knowledge that the rate and method by which Defendants paid Plaintiff Crespo during July 2017 was in direct violation of the requirement.

40. Defendants' failure to pay Plaintiff Crespo minimum wages was willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff Crespo under Count II for all unpaid minimum wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of 26 U.S.C. § 7434

41. Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

42. In each tax year during the Plaintiffs' respective periods of employment, Defendants issued W-2 forms to Plaintiffs.

43. Those W-2 forms were fraudulent, as they falsely stated the compensation paid to Plaintiffs by only including compensation paid by check, and not including compensation paid in cash.

44. Defendants' issuance of those fraudulent tax returns was willful and knowing.

WHEREFORE, Defendants are liable to Plaintiffs under Count III for statutory damages of $5,000.00 for each violation or some larger amount of damages as is proven at trial for each fraudulent information return, attorneys' fees, and any further relief that this Court deems appropriate.

Dated: December 1, 2017                                  Respectfully submitted,

                                                                                                    _____
                                                                                 Michael K. Amster (Bar No. 1001110)
                                                                                 J. Barrett Kelly (Bar No. 1019475)
                                                                                 Zipin, Amster & Greenberg, LLC
                                                                                 8757 Georgia Ave., Suite 400
                                                                                 Silver Spring, MD 20910
                                                                                 Tel: 301-587-9373
                                                                                 Fax: 240 - 839 - 9142
                                                                                 mamster@zagfirm.com
                                                                                 bkelly@zagfirm.com

                                                                                 *Counsel for Plaintiffs*